UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL LYKINS, an individual,

Plaintiff,

v.

BLOOM APARTMENTS LLC, a Delaware
limited liability company, et al.,

Defendants.

Case No. C25-149-RSM

ORDER GRANTING DEFENDANT TRI-
STATE PLUMBING'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant Tri-State Plumbing, Inc.'s Motion for Summary Judgment, Dkt. #58. Plaintiff Michael Lykins has filed a two-page Response. Dkt. #63. The Court has determined that it can rule on this Motion without oral argument.

Plaintiff brings this action against Bloom Apartments LLC and several companies involved in the construction of Bloom: Rose Hill Apartments alleging violations of the Fair Housing Act ("FHA") and Title VIII of the Civil Rights Act of 1968. Dkt. #23. Plaintiff "is a handicapped individual that uses a wheelchair" and alleges violations of accessibility requirements. *Id*. at 2. This action was first filed on January 22, 2025. Dkt. #1. The original complaint listed only Bloom Apartments LLC. *Id*. The remaining defendants, including Tri-State Plumbing, were added in an amended complaint on February 5, 2026. *See* Dkt. #23. Tri-

ORDER GRANTING DEFENDANT TRI-STATE PLUMBING'S MOTION FOR SUMMARY JUDGMENT - 1

State Plumbing was not served a copy of the original complaint and was not served the amended complaint until February 17, 2026.  Dkt. #60 at 3.

The Bloom Rose Hill apartment project reached completion, and its final Certificate of Occupancy ("COO") was issued, on February 24, 2023.  Dkt. #58 at 2.  There is no disagreement as to these facts.

Tri-State Plumbing now moves for summary judgment arguing that Plaintiff's claims against it are time-barred.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

ORDER GRANTING DEFENDANT TRI-STATE PLUMBING'S MOTION FOR SUMMARY JUDGMENT - 2

The FHA provides that a plaintiff must commence a private civil action "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).  In FHA design-and-construction cases, the Ninth Circuit has held that the statute of limitations is triggered when the design-and-construction phase ends, *i.e.*, when the last certificate of occupancy is issued.  *Garcia v. Brockway*, 526 F.3d 456, 461 (9th Cir. 2008).

Here, the Bloom Rose Hill apartment project's final COO was issued on February 24, 2023.  Plaintiff did not sue Tri-State Plumbing until February 5, 2026—roughly three years later. There is no dispute that the amended complaint was filed well outside the two-year limitations period.  Accordingly, Plaintiff's claims against Tri State Plumbing are time-barred.

The amended complaint does not relate back under Rule 15(c).  Federal Rule of Civil Procedure 15(c)(1)(C) permits relation back only if, within the Rule 4(m) service period, the newly added defendant (1) received notice of the action such that it will not be prejudiced, and (2) knew or should have known that, but for a mistake concerning identity, the action would have been brought against it.  Neither has been shown here.  Here, Tri-State Plumbing is an independent contractor, unrelated to Bloom Apartments LLC. The original complaint did not mention plumbing, plumbing fixtures, or any conduct suggestive of Tri-State Plumbing's work. Nothing in the pleading would have placed Tri-State Plumbing on notice that Plaintiff intended to sue it but mistakenly failed to do so.

In his response, Plaintiff does not dispute that *Garcia, supra* applies to the issue before the Court, instead arguing that the Court should follow the reasoning in the *Garcia* dissent.  *See* Dkt. #63 at 1.  The Court declines to do so and will follow the controlling opinion.

ORDER GRANTING DEFENDANT TRI-STATE PLUMBING'S MOTION FOR SUMMARY JUDGMENT - 3

The Court has reviewed the Motion and the remainder of the record and hereby finds and ORDERS that the Motion, Dkt. #58, is GRANTED.  Plaintiff's claims against Defendant Tri-State Plumbing, LLC, are DISMISSED.

DATED this 9th day of July, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT TRI-STATE PLUMBING'S MOTION FOR SUMMARY JUDGMENT - 4